UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LUCAS GRIFFIN** | : | **DOCKET NO. 17-cv-1155** |
| DOC # 195329 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **STATE OF LOUISIANA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is the civil rights complaint [doc. 4] filed pursuant to 42 U.S.C. § 1983 by plaintiff Lucas Griffin, who is proceeding *pro se* and *in forma pauperis* in this matter. Griffin is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

## I.
### BACKGROUND

Griffin raises claims of police brutality against several officers, relating to events that occurred before he was brought to the Calcasieu Correctional Center. *See* doc. 4, pp. 2–3. Namely, he alleges that Corporal Treadway turned a dog loose on him, which bit him several times, and that Officer Romero tased him in the back, attempted to drown him, and struck him repeatedly, even after he was in handcuffs. *Id.* at 3. As defendants in this suit he names Corporal Treadway and Officers Romero, Roberson, Tatum, Sawyer, and Fontenot, all of whom he alleges are members of the Lake Charles Police Department. *Id.* In a previous, deficient complaint he also mentioned that he intended to file suit against the State of Louisiana, the Calcasieu Parish Sheriff's

Office, and the Lake Charles Police Department. Doc. 1. In relief he seeks monetary damages and requests that criminal charges be pressed against the officers. Doc. 4, p. 4.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Griffin has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

#### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2)

that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted). Accordingly, Griffin must amend his complaint to allege:

(1) A description of what **each** defendant did to violate his rights;[1]
(2) the place and dates on which these events allegedly occurred;
(3) a specific statement of his damages/the basis of his claim for monetary relief.

### D. Theories of the Complaint

Griffin must also amend his complaint to correct deficiencies specific to the theories under which he is seeking relief.

#### 1. Improper parties

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's

---

[1] Specifically, Griffin has named Officers Roberson, Tatum, Sawyer, and Fontenot as defendants but has not alleged any wrongdoing by them or that they were even present during the complained-of events. He should dismiss his claims against these defendants if he cannot show a basis for their liability.

offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2017 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Additionally, police departments are generally not juridical entities and the proper defendant is instead the municipality. *Durall v. Lafayette Police Dept.*, 2011 WL 6181387 at *1 n. 1 (W.D. La. Nov. 16, 2011); *Evans v. City of Homer*, 2007 WL 2710792 at *4–*5 (W.D. La. Sep. 12, 2007).

Finally, under the Eleventh Amendment, the State of Louisiana enjoys sovereign immunity from all suits, including those brought by its own citizens. *See* U.S. Const. amend. XI. Although this immunity may be waived or abrogated, or even stripped under the *Ex Parte Young* exception for suits seeking prospective injunctive relief against state employees, none of these exceptions is applicable here. *See, e.g.*, *Carpenter v. Mississippi Valley State Univ.*, 807 F.Supp.2d 570, 580–85 (N.D. Miss. 2011) (considering sovereign immunity exceptions in a § 1983 suit).

Accordingly, Griffin cannot state a claim on which relief may be granted against the State of Louisiana, the Lake Charles Police Department, or the Calcasieu Parish Sheriff's Office and should dismiss his claims against all of these defendants.[2] He may, however, assert his claims against the Lake Charles Police Department against the City of Lake Charles instead, if he meets the requirements below.

### 2. *Municipal Liability*

Municipal liability attaches in a § 1983 suit where the governmental entity "is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," as well as when the injury results from an informal custom of the entity. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166

---

[2] We also note that Griffin only alleges wrongdoing by individual officers of the Lake Charles Police Department, and so even with juridical status/without the sovereign immunity bar, there would be no basis for holding either the state or the Calcasieu Parish Sheriff's Office liable.

(5th Cir. 2010) (internal quotations omitted). The municipality may not be held liable "merely for employing a tortfeasor," and the plaintiff is instead required to show three elements: a policymaker, an official policy, and a resulting violation of constitutional rights. *Id.* at 167; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Thus, if Griffin wishes to hold the City of Lake Charles liable in lieu of the Lake Charles Police Department, he must identify a policy or custom and connect it to the alleged use of excessive force in his case.

### 3. *Heck concerns*

Under the Supreme Court's precedent in *Heck v. Humphrey*, a plaintiff who has been convicted of a crime may not use § 1983 to collaterally attack that conviction. 114 S.Ct. 2364, 2372 (1994). In other words, a plaintiff may not recover on a § 1983 claim that calls into question the validity of a conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Id.* at 2372–73. Accordingly, certain convictions, such as battery of an officer, may bar a plaintiff from bringing an excessive force claim based on those same events. *Arnold v. Town of Slaughter*, 100 Fed. App'x 321, 323 (5th Cir. 2004) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)); *but see Thomas v. Pohlmann*, 681 Fed. App'x 401, 407 (5th Cir. 2017) (excessive force claim not necessarily undermined by battery of an officer conviction, where plaintiffs alleged that the officers continued to use excessive force after they had ceased their resistance).

From the scenario Griffin describes, it appears he was being arrested when the alleged excessive force occurred and that he was subsequently incarcerated. Accordingly, he should amend his complaint to state what charges were filed against him and what the disposition of those charges is, in order for us to determine if *Heck* bars this suit.

### *4. Improper relief*

Griffin states that he wishes to have criminal charges pressed against the officers involved in this suit. This court cannot grant such relief and Griffin should instead bring his request to a law enforcement agency.

### *5. Statute of limitations*

Finally, as mentioned above, Griffin failed to provide the date(s) on which the complained-of events occurred. Federal law governs when a § 1983 action accrues and the limitations period begins to run, "but 'state law supplies the applicable limitations period and tolling provisions.'" *Gonzalez v. Seal*, 677 Fed. App'x 918, 921 (5th Cir. 2017) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999)). Thus, in the Fifth Circuit, a § 1983 action accrues and the limitations period begins to run when the plaintiff knows or has reason to know of the injury that is the basis for the action. *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983). In Louisiana, the applicable limitations period is the one-year period of liberative prescription governing delictual actions. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995); *see* LA. CIV. CODE art. 3492. Therefore Griffin's claims are subject to a one-year prescriptive period, running from the date of his alleged beating. He must supply the date on which these events occurred, and any grounds for tolling in the event that this action is untimely.

### III.
#### CONCLUSION

Griffin's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Griffin at his last address on file.

**IT IS ORDERED** that Griffin amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Griffin is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE